## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTYANE ROBINSON, | : | |
| | : | |
| Petitioner, | : | Civil Action No. 1:05-CV-1603 |
| | : | (Judge Kane) |
| v. | : | |
| | : | **THIS IS A CAPITAL CASE** |
| JEFFREY BEARD, Commissioner, | : | |
| Pennsylvania Department of | : | |
| Corrections, et al. | : | |
| | : | |
| Respondents. | : | |

## UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE SUPPLEMENT TO RULE 60(b) MOTION AND MOTION TO CONTINUE STAY OF PROCEEDINGS

AND NOW comes, Petitioner Antyane Robinson, by his counsel, Federal Public Defender Lisa B. Freeland, and submits this Motion for Extension of Time to File Supplement to Rule 60(b) Motion and Motion to Continue Stay of Proceedings. In support thereof, counsel states:

1.      On October 24, 2016, this Court appointed undersigned counsel to serve as supplemental counsel for Antyane Robinson and to investigate and pursue relief for claims that may be available to him under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) and *Trevino v. Thaler*, 133 S.Ct. 1911 (2013).

2.      By order dated December 1, 2016, this Court provided counsel with six months to review the record and determine whether a supplement to the pending Federal Rule of Civil Procedure 60(b) motion would be filed. This Court also stayed these proceedings on December 8, 2016.

3.     On May 31, 2017, undersigned counsel notified the court that a supplement would be filed and sought 90 days within which to file a supplement. She noted that it would be difficult to meet that deadline.

4.     On August 18, 2017, counsel sought an additional 90 days, as additional materials and investigation remained outstanding. Counsel anticipated that the necessary materials would be easily obtained and she would be in a position to file the supplement by November 28, 2017.

5.     On August 23, 2017, counsel filed a certificate of concurrence. This Court granted the motion for extension of time and continued the stay of proceedings on September 5, 2017.

6.     After attempting to obtain access to the complete trial record and exhibits, undersigned counsel's staff was told by the Clerk of Court of Cumberland County that she would need a court order to access certain portions of the record. On September 29, 2017, undersigned counsel petitioned the state court for access to the complete trial record and specifically asked for permission to obtain any items that were sealed.

7.     The state court did not rule on counsel's motion until November 8, 2017. Further, its order did not conclusively grant access to all requested materials. Specifically, the court directed that,

> **IT IS HEREBY ORDERED** that the motion is GRANTED in accordance with Pennsylvania Rule of Criminal Procedure 113 and the defendant will pay the costs of copying and reproduction.
> **IT IS FURTHER ORDERED** that to the extent *sealed* documents are

2

contained within the court record that no such documents will be
released or disclosed without further leave of Court.

*Commonwealth v. Antyane Robinson*, CP-21-CR-0001183-1996 (11/8/2017 Order).

8.     On November 28, 2017, undersigned counsel informed this Court that
documents needed for purposes of her review remained sealed and sought an
additional 90 days within which to petition the state court for full access.

9.     On December 1, 2017, this Court provided counsel with an additional
90 days within which to file the supplement.

10.    On December 20, 2017, undersigned counsel requested that the state
court reconsider its November 8th Order and grant access to sealed materials.
Counsel directed the court to the trial transcripts wherein the trial court's intent to
make the sealed materials part of the record was evident.

11.    On January 15, 2018, the state court issued an order addressing
counsel's Motion to Reconsider. The court noted that the clerk's office had informed
the court that no sealed records existed and that counsel's invocation of the trial
transcript was not helpful where the transcript is currently being held by the
Pennsylvania Supreme Court. The court directed undersigned counsel to specify the
sealed documents within 20 days' time. *Commonwealth v. Antyane Robinson*, CP-
21-CR-0001183-1996 (1/15/2018 Order).

12.    On February 14, 2018, undersigned counsel filed a response to the
state court's January 15th order, specifying the sealed materials at issue and
providing the court with the text of the transcript.

3

13.     On February 23, 2018, with the February 14th filing still pending before the state court, undersigned counsel petitioned this Court for an additional 90 days within which to file the supplement. Doc. 62. On March 12, 2018, this Court provided counsel with an additional 90 days. Doc. 63.

14.     On March 7, 2018, the state court issued an order directing the Commonwealth to respond to counsel's February 14th filing and to state "any objections to the relief requested with consideration of any restraint that may imposed on petitioner's request" by the Pennsylvania Rules of Criminal Procedure.

15.     On March 19, 2018, the Commonwealth filed a Response, objecting to the release of the requested materials to undersigned counsel.

16.     On March 27, 2018, undersigned counsel filed a Reply to the Commonwealth's Response and again stressed her need for unfettered access to the complete record in order to fulfill the duties of her appointment by this Court.

17.     On May 25, 2018, still without a response from the state court, counsel requested an extension of time from this Court, which was granted. Docs. 64 & 65.

18.     On May 28, 2018, the state court issued a Memorandum of Decision and Order of Court. The court ruled "[n]otwithstanding the wording used by the trial judge," the juror questionnaires are not "available for review by anyone without a showing of some unusual circumstance under Rule 632 Comment F. In fact, they should likely have been destroyed following the waiver of any *Batson* style defense." The court found that counsel's "desire to complete her record of the case is

simply insufficient" to grant access. *See Commonwealth v. Antyane Robinson*,
CP-21-CR-0001183-1996 (5/28/2018 Order).

19.     On July 19, 2018, counsel filed a Motion to Preserve Juror
Questionnaires, indicating to the state court her belief that she could overcome the
"strong presumption of protection" found by the court to bar access and requesting
that the questionnaires be preserved to provide counsel with such an opportunity.
The Commonwealth did not file a Response to counsel's Motion to Preserve.

20.     On August 2, 2018, the state court issued an Order stating that it
would take no action on the motion where its May 28, 2018 Order was a "final
Order disposing of the petitioner's request for access subsequent to which the Court
did not intend to take any further action."

21.     On August 24, 2018, undersigned counsel requested an extension of
time within which to consider further litigation options in light of the state court's
denial of access to the complete record in this case. Doc. 66. That same day, this
Court granted the Motion. Doc. 67.

22.     On February 25, 2019, counsel requested additional time and this
Court granted that Motion. Doc.72.

23.     On May 28, 2019, counsel requested additional time and this Court
granted that Motion. Doc. 74.

24.     On August 23, 2019, counsel requested additional time and this Court
granted that Motion. Doc. 76.

25.     On November 22, 2019, counsel requested additional time and this Court granted that Motion. Doc. 78.

26.     On February 21, 2020, counsel requested additional time and this Court granted that motion. Doc. 81.

27.     On March 13, 2020, Chief Judge Conner issued a General Order concerning the effects of the COVID-19 pandemic on the continued operations of this Court. A supplemental order was issued on March 18, 2020.

28.     On March 17, 2020, undersigned counsel transitioned the Office of the Federal Public Defender for the Western District of Pennsylvania to a skeletal staff; several days later, all staff were directed to work from home. Transitioning a full-time staff of 50 to remote work has been time-intensive; novel technological and management issues continue to arise on a daily basis.

29.     On March 23, 2020, Pennsylvania Governor Tom Wolf began to order residents of certain counties, including Allegheny County, which houses undersigned counsel's office, to stay at home.

30.     On April 1, 2020, Governor Wolfe issued a statewide state at home order. The stay at home order effectively halted all investigative tasks at the Federal Public Defender's Office. Record collection also has been frustrated, as many courthouses and other facilities are closed or only remotely staffed.

31.     Allegheny County moved into the "green phase" on June 5, 2020. After initially seeming to manage the COVID-19 outbreak while "re-opening," Western Pennsylvania experienced a rapid rise in cases during mid-June and into July. On

6

June 30, for the first time, Allegheny County recorded over 100 new cases. Two days later, the daily count rose above 200.  The Director of the Allegheny County Department of Public Health noted the "sudden and sustained increase in cases beginning June 22nd . . . ."  Establishments that were permitted to open, were then forced to close or significantly limit operations, due to the surge.

32.     From late June until the filing of this motion, there were 7,287 new cases, 503 hospitalizations, and 92 deaths in Allegheny County.  As summer ends, the beginning of flu season poses an increasing risk for a resurgence in cases and a flood of illnesses that could again overwhelm health providers.

33.     The federal courthouse remains in phase one of a four phase plan for the federal judiciary. In order to move from phase one to phase two, there must be a sustained downward trend of cumulative daily COVID-19 case counts over a 14-day period.  As recently as August 17, 2020, Allegheny County experienced an increase in the daily number of cases.  While in phase one of the judiciary's plan, federal defender staff remain in telework status.

34.     As a result, counsel has been unable to meet with Mr. Robinson and discuss his case since February of this year. In late July, Mr. Robinson was moved from SCI-Greene to SCI- Phoenix, which is approximately 5 hours from Pittsburgh. It is impossible to know when counsel will be able to meet with Mr. Robinson again.

35.     Given these extraordinary conditions, counsel hereby seeks an additional 90 days, or until Monday, November 23, 2020, to file a supplement to the pending 60(b) motion in this Court.

36.    The Cumberland County District Attorney's Office, through Chief Deputy District Attorney Courtney E. Hair, has no objection to the requested extension.

WHEREFORE, counsel for Mr. Robinson respectfully requests that the within motion be granted and that she be given a period of ninety (90) days to file a supplement to the pending Rule 60(b) motion.

Respectfully submitted,

*/s/ Lisa B. Freeland*
LISA B. FREELAND
Federal Public Defender
Federal Public Defender's Office
Suite 1500, 1001 Liberty Avenue
Pittsburgh, PA  15222
(412) 644-6565
Lisa_Freeland@fd.org

## <u>CERTIFICATE OF SERVICE</u>

I, Lisa B. Freeland, hereby certify that on this 21st day of August 2020, I caused the foregoing Unopposed Motion for Extension of Time to File Supplement to Rule 60(b) Motion and Motion to Continue Stay of Proceedings to be served on the following person via ECF and first-class mail:

Courtney E. Hair, Esquire
Cumberland County District Attorney's Office
One Courthouse Square
Room 202
Carlisle, PA  17013

*/s/ Lisa B. Freeland*
LISA B. FREELAND
Federal Public Defender