**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANTYANE ROBINSON,** **Petitioner** | : | **No. 1:05-cv-01603** |
| **v.** | : | **(Judge Kane)** |
| **LAUREL R. HARRY, Secretary, Pennsylvania Department of Corrections[1], et al., Respondents** | : | **THIS IS A CAPITAL CASE** |

**MEMORANDUM**

Before the Court is Petitioner Antyane Robinson ("Robinson")'s Federal Rule of Civil Procedure 60(b) motion, update, and supplement, as well as several related procedural motions. (Doc. Nos. 44, 145–46, 149–50, 155.) For the reasons that follow, the Court will transfer Robinson's Rule 60(b) filings to the United States Court of Appeals for the Third Circuit and will otherwise deny relief.

## I. BACKGROUND

Robinson filed his first amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on January 19, 2006. (Doc. No. 21.) Robinson asserted the following eighteen (18) claims in his amended petition:

1. Petitioner's trial counsel were ineffective for failing to develop and introduce available evidence supporting a voluntary manslaughter charge and verdict and for failing to properly argue on direct appeal that Petitioner was entitled to an instruction on voluntary manslaughter; the trial court erred when it refused to give a defense requested jury instruction on the charge of voluntary manslaughter;

2. Because of the Commonwealth's continuous misconduct throughout Petitioner's capital trial and sentencing, Petitioner was prejudiced and a new trial and sentencing proceeding must be granted;

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the Court has substituted various named Respondents with the names of their successors presently in office.

3. Trial counsel's failure to investigate and present at sentencing the readily available evidence of Mr. Robinson's increasingly paranoid behavior, paranoid schizophrenia, family dysfunction and abuse, diminished capacity and emotional trauma at the time of the offenses deprived him of his constitutional right to the effective assistance of counsel; trial counsel was laboring under an impermissible conflict of interest;

4. Petitioner's conviction should be vacated because he was tried while incompetent and his counsel were ineffective;

5. Mr. Robinson is entitled to relief because his death sentence is based upon an improper application of the "perpetration of a felony" aggravating circumstance and counsel were ineffective in failing to litigate claims about this aggravator;

6. Petitioner is entitled to relief from his death sentence because there was insufficient evidence to support the jury's finding of the (d)(7) aggravating circumstance, and the trial court failed to include the required limiting construction [sic], rendering the (d)(7) aggravating circumstance vague and overbroad, and counsel were ineffective in failing to litigate these claims;

7. Trial counsel's failure to object to the introduction of irrelevant and otherwise inadmissible evidence of uncharged crimes, failure to ask for a cautionary instruction, and the trial court's failure to give such an instruction, violated Mr. Robinson's constitutional rights;

8. Mr. Robinson's death sentence must be vacated under the Sixth, Eighth, and Fourteenth Amendments because the sentencing jury, after hearing argument about his future dangerousness, was never instructed that, if sentenced to life, Mr. Robinson would be ineligible for parole;

9. Defense counsel failed to object to irrelevant and improper victim impact testimony and argument;

10. The court's refusal to admit the testimony of Petitioner's mother about why Petitioner had guns violated Petitioner's constitutional rights to due process and a fair trial and Petitioner was prejudiced as a result;

11. Mr. Robinson's rights guaranteed by the Sixth, Eighth and Fourteenth Amendments to the United States Constitution were violated when defense counsel ineffectively failed to object to the Commonwealth's irrelevant, prejudicial and inflammatory cross-examination of Mr. Robinson's mother at the penalty phase;

12. Defense counsel were ineffective for failing to object to the court's erroneous charge during the guilt/degree-of-guilt/innocence phase of trial wherein the court repeatedly stated that if Mr. Robinson had a specific intent to kill, the killing was with malice;

13. Petitioner's death sentence must be vacated because the Pennsylvania Supreme Court failed to provide him meaningful proportionality review in violation of his statutory rights and rights under the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution;

14. The trial court improperly excluded prospective jurors who expressed an opposition to the death penalty, in violation of Petitioner's rights under the Fifth, Sixth, Eighth and Fourteenth Amendment rights [sic];

15. Petitioner was denied important rights during the extradition process from Maryland, including his right to counsel;

16. Lethal injection in Pennsylvania violates the First, Eighth and Fourteenth Amendments to the United States Constitution;

17. Ineffective assistance and preservation;

18. Petitioner is entitled to relief because of the cumulative prejudicial effect of the errors in this case.

See (id. at 2–4 (all-caps font omitted)). The Federal Public Defender for the Middle District of Pennsylvania ("MD FPD") and the Federal Community Defender Office for the Eastern District of Pennsylvania jointly represented Robinson during his federal habeas proceedings. See (Doc. No. 3 at 2).

The Court denied Robinson's first amended petition on September 30, 2011. (Doc. No. 40.) Although the Court analyzed most of Robinson's claims on the merits and applied Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. §§ 2241–2266 ("AEDPA") deference where applicable, it denied as procedurally defaulted the entirety of Claim 16 contesting the constitutionality of lethal injection, two subclaims contained within Claim 2 alleging instances of prosecutorial misconduct, and six subclaims contained within Claim 7 alleging ineffective assistance of counsel for failure to object to inadmissible evidence. See (id.

at 10–14, 70 n.26, 77 n.28). The Third Circuit affirmed the Court's denial of relief on January 13, 2015. See (Doc. No. 43).

On September 30, 2016, Robinson filed a Rule 60(b) motion for relief from judgment. (Doc. No. 44.) In his motion, Robinson indicates that he discovered evidence revealing the "apparent and/or actual bias" of former Pennsylvania Supreme Court Justice Michael Eakin, who "cast the decisive vote denying [Robinson's] state post-conviction appeal [and] authored the majority opinion." See (id. at 1–2 (footnote omitted)). Robinson claims that his discovery of Justice Eakin's alleged bias constitutes an "extraordinary circumstance" sufficient to permit the Court to re-open his federal habeas proceedings and to re-examine his constitutional claims de novo. See (id.).

On October 24, 2016, MD FPD moved to withdraw as co-counsel and Robinson moved to appoint the Western District of Pennsylvania ("WD FPD") as co-counsel in its place to "investigate and pursue relief for claims that may be available" under Martinez v. Ryan, 566 U.S. 1 (2012), and Trevino v. Thaler, 569 U.S. 413 (2013). See (Doc. Nos. 46–52). After the Court granted those motions and appointed WD FPD, Robinson moved for an extension of time to review the record and then moved to stay his case to allow WD FPD sufficient time to determine whether it would be appropriate to supplement his pending Rule 60(b) motion. See (Doc. Nos. 52, 54 at 2). The Court granted each of Robinson's motions and then stayed his case on December 8, 2016. See (Doc. Nos. 53, 55.) On May 31, 2017, Robinson notified the Court that WD FPD intended to supplement his Rule 60(b) motion. See (Doc. No. 56). He then moved for ninety (90) days to file a supplement and requested that the stay of his case remain in effect during the interim. See (Doc. No. 57). The Court granted Robinson's motion on September 5, 2017. (Doc. No. 59.)

Thereafter, for a wide variety of reasons, the Court continued to extend Robinson's deadline to supplement his Rule 60(b) motion and permitted his case to remain stayed until May 29, 2026, at which time it granted him a final extension of time and lifted the stay. See (Doc. Nos. 60–138). On August 17, 2026, Robinson filed an "update" to his Rule 60(b) motion in which he explains that, since the original filing of his motion in September 2016, he attempted to exhaust a substantive due process claim alleging judicial bias in state court, but had his claim rejected as time barred. See (Doc. No. 149 at 4–5); see also (Doc. No. 149-1 at 5–6). Robinson also challenges the constitutionality of AEDPA deference in his update by citing Loper Bright Enterprises v. Raimondo, 603 U.S. 369 (2024), in which the United States Supreme Court overruled the Chevron[2] deference doctrine. See (Doc. No. 149 at 7–18).

That same day, Robinson separately supplemented his original Rule 60(b) motion. (Doc. No. 150.) In his supplement, Robinson asserts eight (8) new claims for relief and argues that, although each new claim is procedurally defaulted, any default is excused by the ineffective assistance of state post-conviction counsel under Martinez. See (id. at 3–6). Robinson's eight (8) new claims for relief appear in his supplement as follows:

1. Mr. Robinson's Sixth and Fourteenth Amendment rights were violated when the trial court administered an inadequate colloquy concerning his waiver of counsel. Trial counsel were ineffective for failing to object;

2. Mr. Robinson's Sixth and Fourteenth Amendment rights were violated where his waiver of his right to testify could not have been knowing; trial counsel were ineffective;

3. Mr. Robinson's right to be present at a critical stage of his capital trial was violated; trial counsel was ineffective;

[2] Chevron U.S.A., Inc. v. Nat. Res. Def. Council, Inc., 467 U.S. 837 (1984).

4. Mr. Robinson's Sixth and Fourteenth Amendment rights were violated where trial counsel failed to marshal available record evidence to secure an instruction;

5. Alternatively, trial counsel was ineffective for pursuing a legally non-cognizable defense;

6. Mr. Robinson was tried before a biased tribunal. His rights to an impartial jury, a fair trial, a fair sentencing proceeding, and due process were violated;

7. Trial counsel was ineffective for failing to move to strike the (d)(7) grave risk aggravating circumstance once the jury found that Mr. Robinson possessed the specific intent to kill Tara Hodge. Counsel was further ineffective for conceding to the jury that the attempted murder conviction established the (d)(7) aggravator;

8. Mr. Robinson's convictions and sentences must be vacated because of the cumulative prejudicial effect of all of the errors in this case.

See (id. at 3–6, 29).

On August 28, 2026, Respondents filed a five-page perfunctory response to Robinson's motion, update, and supplement. (Doc. No. 151.) Robinson replied in support of his motion, update, and supplement on September 11, 2026. (Doc. Nos. 153–54.) On September 21, 2026, Robinson filed a motion to expand the record or, alternatively, for leave to conduct discovery in support of his newly asserted claim of a biased tribunal of jurors. (Doc. No. 155.) Each motion is now ripe for review.

## II. STANDARD OF REVIEW

Rule 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." See Gonzalez v. Crosby, 545 U.S. 524, 528 (2005) (citing Fed. R. Civ. P. 60(b)). Rule 60(b)(6), under which Robinson seeks relief, "permits reopening when the movant shows 'any . . . reason justifying relief from the operation of the judgment' other than the more specific

circumstances set out in Rules 60(b)(1)–(5)." See id. at 529 (quoting Fed. R. Civ. P. 60(b)(6)). Concurrently, 28 U.S.C. § 2244(b) provides, in relevant part:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b).

The Supreme Court analyzed the relationship between Rule 60(b) and Section 2244(b) in Gonzalez. See 545 U.S. at 528–38. It first explained that, because the Federal Rules of Civil Procedure apply only if the Rules do not conflict with federal law, a petitioner cannot circumvent Section 2244(b)'s statutory requirements by styling his or her filing as a Rule 60(b) motion to disguise that the filing is actually a second or successive habeas petition. See id. at 530 (citations omitted). It explained that whether a petitioner's filing is governed by Section 2244(b) or Rule 60(b) depends on whether the filing asserts a "claim" for relief, and that when a petitioner's filing presents a "claim," it is governed by Section 2244(b) because to permit otherwise would to

allow a petitioner to circumvent Section 2244's requirements that (1) "a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts[;]" (2) a claim previously adjudicated on the merits be dismissed; and (3) "a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar." See id. at 530–32 (citing 28 U.S.C. § 2244(b)).

The Supreme Court next advised how to determine whether a petitioner's purported Rule 60(b) motion advances a claim and thereby implicates Section 2244(b):

> A motion that seeks to add a new ground for relief . . . will of course qualify. A motion can also be said to bring a "claim" if it attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief. That is not the case, however, when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.

See Gonzalez, 545 U.S. at 532. As additional guidance, the Court noted that a petitioner attacks the federal court's previous resolution of a claim on the merits in a Rule 60(b) motion and thereby presents a second or successive habeas petition when the petitioner challenges the federal court's "determination that there exist or do not exist grounds entitling [him or her] to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)" by presenting a new claim for relief or by "assert[ing] that a previous ruling regarding one of those grounds was in error[.]" See id. at 532 n.4. It clarified, however, that a petitioner "is not doing so when he [or she] merely asserts that a previous ruling which precluded a merits determination was in error–for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." See id. The Court concluded by providing "fraud on the court" as an example of a "defect in the integrity of the federal habeas proceedings." See id. at 532 n.5.

## III. DISCUSSION

### A. Jurisdiction Over Robinson's Motion, Update, and Supplement

Robinson's Rule 60(b) motion is split into three filings: (1) an original motion alleging that Justice Eakin's judicial bias compromised the Court's application of AEDPA deference (Doc. No. 44); (2) an "update" challenging the constitutionality of AEDPA deference (Doc. No. 149); and (3) a "supplement" asserting eight (8) new claims for relief (Doc. No. 150). The Court concludes that these filings collectively constitute a second or successive habeas petition over which it lacks jurisdiction.

#### 1. Rule 60(b)(6) Motion and Update

In his original Rule 60(b) motion, Robinson asserts that he "has recently become aware of evidence revealing the apparent and/or actual bias" of former Pennsylvania Supreme Court Justice Michael Eakin, who "not only cast the decisive vote for denying [Robinson's] state post-conviction appeal, but [who also] authored the majority opinion." See (Doc. No. 44-18 at 2 (citing Commonwealth v. Robinson, 877 A.2d 433 (Pa. 2005))). Robinson attaches several exhibits to his motion, which he claims "reflect[] both former Justice Eakin's ongoing close relationship with key members of the prosecution in [his] case as well as pervasive racial, religious and gender biases." See (id. at 2; Doc. Nos. 44-1 through 44-15).

According to Robinson, Justice Eakin's alleged biases resulted in a compromised state court "adjudication on the merits," which in turn produced compromised federal proceedings when the Court deferred to that adjudication. See (Doc. Nos. 44-18 at 10; 149 at 6). Robinson argues that his discovery of Justice Eakin's alleged bias constitutes an extraordinary circumstance that allows the Court to re-open its earlier denial of relief because the Court "decided the merits of [Robinson's] constitutional claims utilizing a deferential standard of

review that should not have applied." See (Doc. No. 44-18 at 3). Robinson contends that the Court should correct its alleged error by re-opening its judgment denying him relief and re-examining his claims de novo. See (id. at 10).

In his Rule 60(b) update, Robinson cites Loper Bright, 603 U.S. at 412, for the position that AEDPA deference is unconstitutional. See (Doc. No. 149 at 7). In Loper Bright, the United States Supreme Court overruled the Chevron deference doctrine by holding that it "cannot be squared" with the Administrative Procedure Act. See 603 U.S. at 396. Before reaching that conclusion, the Supreme Court provided a historical discussion of the separation of powers doctrine and reiterated that "the Framers structured the Constitution to allow judges to exercise [their] judgment independent of influence from the political branches." See id. at 384–90. Robinson references the Supreme Court's separation of powers discussion and asserts that the "logic that led to [the overturning of Chevron deference] shows that AEDPA deference is likewise unconstitutional." See (Doc. No. 149 at 7–15). He then contends that, because AEDPA deference is unconstitutional, the Court compromised the integrity of its earlier federal proceedings by applying AEDPA deference, which means that his judgment should be re-opened and that "at least nine [of his] claims" should be re-examined de novo. See (id. at 7).

Upon review, the Court concludes that it lacks jurisdiction to adjudicate Robinson's Rule 60(b) motion and update because those filings constitute a second or successive habeas petition filed without authorization from the Third Circuit.[3] In the memorandum filed in support of his

[3] In his reply brief, Robinson argues that the Commonwealth "waived any and all arguments to the original Rule 60(b) Motion and supporting Brief" by filing only a perfunctory brief in response to his motion, update, and supplement. See (Doc. No. 153 at 2–3). Although the Court agrees with Robinson that the Commonwealth's response was wholly insufficient, especially considering that this is a capital matter, "the requirement to obtain authorization for a second or successive habeas petition is a jurisdictional prerequisite" that cannot be forfeited. See Ford v. Massarone, 902 F.3d 309, 314 (D.C. Cir. 2018) (citations omitted).

Rule 60(b) motion, Robinson predicts that the Court might question whether his filing constitutes a second or successive habeas petition and cites United States v. Touchstone, No. 00-cr-00028, 2013 WL 3320963, at *2 (N.D. Ga. July 1, 2013), for the position that a "[a] Rule 60(b) motion based on alleged judicial bias and racist views" constitutes an attack on the integrity of the federal habeas proceeding and should therefore not be treated as a second or successive petition. See (Doc. No. 44-18 at 4 n.4).

In Touchstone, the petitioner argued that the judgment denying his Section 2255 motion should be re-opened under Rule 60(b) because the federal district judge who adjudicated his motion was biased and held "racist views towards African-Americans." See 2013 WL 3320963, at *2. The district court did not treat the petitioner's motion as a successive petition because it concluded that his argument constituted a challenge to the integrity of the federal proceedings. See id.; see also Kostich v. McCollum, 647 F. App'x 887, 889–90 (10th Cir. May 20, 2016) (unpublished) (affirming the district court's conclusion that a petitioner's allegation of judicial bias by the federal district judge constituted an attack on the integrity of the federal proceedings). Robinson claims that the same result is warranted here. See (Doc. No. 44-18 at 4 n.4).

But unlike the petitioner in Touchstone, Robinson does not assert that the federal court demonstrated bias in its adjudication of his habeas petition; he instead asserts that the state court was biased, and that its bias caused the federal court to comprise the integrity of its proceedings through its application of AEDPA deference. See (Doc. No. 44-18 at 4). This distinction renders Touchstone unpersuasive. The Court instead finds Robinson's case to be more akin to Gilkers v. Vannoy, in which the petitioner filed a Rule 60(b) motion claiming that the federal court compromised the integrity of its proceedings by deferring to determinations made by the Louisiana Fifth Circuit Court of Appeal, which had since been accused of engaging in a pattern

of improperly and inadequately "reviewing pro se postconviction writ applications." See 904 F.3d 336, 344 (5th Cir. 2018).

In Gilkers, the United States Court of Appeals for the Fifth Circuit rejected the petitioner's attempt to avoid Section 2244(b) and concluded that, even though the petitioner "demonstrate[d] a defect in the integrity of his state postconviction proceedings," he had not demonstrated "such a defect with respect to his § 2254 proceeding" because the federal court had actually "looked through" the Louisiana Fifth Circuit Court of Appeal's decision denying his claims without explanation and had deferred to "the last related state-court decision" that had provided a rationale for denial. See id. at 344–45. It alternatively held that the petitioner's motion constituted a second or successive petition because the motion was "fundamentally substantive" in that it asked for his judgment to "be set aside, and his claims reviewed again, essentially because of the infirmities in his state court habeas proceedings." See id. at 346.

Although the Court in the instant case did not "look through" the Pennsylvania Supreme Court's PCRA appellate decision when adjudicating Robinson's federal habeas petition on the merits, the Fifth Circuit's alternative reasoning remains directly applicable. Robinson's request for relief in his original Rule 60(b) motion is for the Court to re-adjudicate its prior determinations on the merits based on an allegation that it improperly applied AEDPA deference to biased state court determinations made on PCRA appeal. See (Doc. No. 44-18 at 10). That request is "fundamentally substantive" and falls within Section 2244(b)'s purview. See Gilkers, 904 F.3d at 346. Consequently, because Robinson did not seek Third Circuit authorization to file his original motion, the Court lacks jurisdiction to consider it. See 28 U.S.C. § 2244(b)(3)(A).

For the same reason, the Court concludes that it lacks jurisdiction to consider Robinson's challenge to AEDPA deference's constitutionality included within his Rule 60(b) update.

Though Robinson argues that the Court compromised the integrity of the federal proceedings by improperly applying an unconstitutional form of deference to the state court's determinations and that his motion therefore falls within the permissible scope of a Rule 60(b) motion brought in the habeas context, his request for relief is again for the Court to re-consider its prior adjudication of his claims by applying a different standard of review. See (Doc. No. 149 at 7). When presented with similar Rule 60(b) motions to re-consider claims previously adjudicated on the merits by applying a different standard of review, other federal courts have concluded that those motions constitute second or successive petitions falling within Section 2244(b)'s purview. See, e.g., Yellowbear v. Wyo. Att'y Gen., No. 23-8055, 2024 WL 94274, at *2 (10th Cir. Jan. 9, 2024) (unpublished) (deeming a Rule 60(b) motion contending "that the habeas court applied the wrong standard of review" to constitute an invalid second or successive petition asserting "an attack against the habeas court's decision on the merits"); see also Murray v. DiGuglielmo, No. 09-cv-04960, 2020 WL 1491324, at *2 (E.D. Pa. Mar. 27, 2020) (deeming a petitioner's Rule 60(b) motion asserting that the federal court improperly applied AEDPA deference instead of reviewing his federal claims de novo to be a second or successive habeas petition requiring preauthorization). The Court finds those cases persuasive and reaches the same conclusion here.

**2. Rule 60(b) Supplement**

The Court also lacks jurisdiction to consider any of the new claims Robinson asserts in his Rule 60(b) supplement. (Doc. No. 150.) In its 2011 denial of Robinson's federal habeas petition, the Court dismissed several claims as procedurally defaulted. See (Doc. No. 40 at 10–14, 70 n.26, 77 n.28). The United States Supreme Court decided Martinez and Trevino over the two years that followed, and those cases together established that "ineffective assistance of state postconviction counsel may constitute 'cause' to forgive procedural default of a trial-ineffective-

assistance claim, but only if the State requires prisoners to raise such claims for the first time during state collateral proceedings." See Shinn v. Ramirez, 596 U.S. 366, 380 (2022) (citations omitted). In 2016, the Court granted Robinson's motion to appoint WD FPD and to permit him to supplement his Rule 60(b) motion with claims made pursuant to Martinez and Trevino. See (Doc. Nos. 46–55). On August 17, 2026, Robinson supplemented his Rule 60(b) motion with eight (8) new claims. See (Doc. No. 150 at 3–6, 29). Though Robinson recognizes that each of his newly asserted claims are procedurally defaulted, he argues that the default is excused by the ineffective assistance of his postconviction counsel. See (id.).

In Cox v. Horn, the Third Circuit considered a Rule 60(b)(6) motion in which a petitioner contended that the rejection of multiple claims presented in his habeas petition as procedurally defaulted should be re-considered post-Martinez. See 7 F.3d 113, 115 (3d. Cir. 2014). It concluded that, in some cases, Martinez's alteration of the procedural default doctrine can constitute an extraordinary circumstance sufficient to re-open the denial of a habeas petition where the district court initially found claims to be procedurally defaulted but failed to consider whether that default could have been excused by the ineffective assistance of post-conviction counsel. See id. at 125; see also United States v. Craft, No. 02-cr-00011, 2015 WL 13779218, at *1 n.2 (M.D. Pa. Mar. 11, 2015) (discussing Martinez's alteration of the procedural default doctrine).

Unlike the petitioner in Cox, however, Robinson presents eight (8) new claims for relief in his supplement and does not move the Court to re-open its judgment as related to any of the claims that it deemed to be procedurally defaulted in its original denial of his habeas petition without considering Martinez and Trevino. See (Doc. No. 150 at 3–6). And although Robinson cites Martinez and Trevino in his presentation of new claims, his reference to those cases does

not somehow render Cox applicable nor preclude his supplement from constituting a second or successive petition. See (id. at 29). Consequently, Robinson's supplement falls squarely within Section 2244(b)'s proscription against filing new claims in a second or successive petition without preauthorization from a court of appeals. See 28 U.S.C. § 2244(b)(3)(A).

**3. Transfer of Robinson's Second or Successive Petition**

Having determined that Robinson's Rule 60(b) motion, update, and supplement constitute an unauthorized second or successive habeas petition, the Court must next determine whether those filings should be dismissed or transferred to the Third Circuit. In cases where "a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." See Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002). Section 1631 provides that a court may transfer an action over which it does not have jurisdiction to an appropriate court "if it is in the interest of justice" to do so. See 28 U.S.C. § 1631. The determination whether to transfer or dismiss an action "is generally committed to the discretion of the District Court in the first instance." See Russell v. Levi, 229 F. App'x 110, 111–12 (3d Cir. Apr. 25, 2007) (unpublished) (citation omitted).

In reaching that determination, courts examine factors such as whether the court of appeals has previously rejected a petitioner's attempt to file a second or successive petition and whether the petitioner has "alleged facts sufficient to bring his petition within the gatekeeping requirement of § 2244(b)(2)(A)." See Printup v. Pennsylvania, No. 12-cv-01098, 2013 WL 2036808, at *7–8 (M.D. Pa. Apr. 11, 2013). Moreover, a district court cannot proceed to analyze the merits of an erroneously filed second or successive petition because that additional analysis would "circumvent the intent of the gatekeeping function of § 2244." See id. at 140; see also

Richardson v. Thomas, 930 F.3d 587, 597 (4th Cir. 2019) (concluding that a district court can only analyze the merits of a Rule 60(b) motion in the habeas context after it first determines that the motion is not an unauthorized second or successive petition).

The Court concludes that transfer to the Third Circuit is in the interest of justice because this is Robinson's first attempt at filing a second or successive habeas petition and because his allegation of judicial bias plausibly falls within the statutory exception to filing second or successive habeas petitions outlined in Section 2244(b)(2)(B). The Court further concludes that transfer is appropriate to prevent further delay in this capital matter considering "AEDPA's goal of speeding up the collateral review process[,]" and that the collective transfer of Robinson's Rule 60(b) motion, update, and supplement is appropriate to permit the Third Circuit to analyze each filing jointly. See Kapral v. United States, 166 F.3d 565, 573 (3d Cir. 1999).

## IV. CONCLUSION

Based on the foregoing, the Court will: construe Robinson's motion, update, and supplement as a second or successive habeas petition filed in the district court without preauthorization from the Third Circuit, order that his filings be transferred to the Third Circuit for further review, and otherwise deny relief. An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania